UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY P. TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>J. BROWN, et al.,<br><br>    Defendants. | No. 2:21-cv-00737 JAM DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants retaliated against the plaintiff in violation of his rights under the First Amendment. Before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 7) and plaintiff's complaint for screening (ECF No. 1).

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted. Plaintiff will be given the option to proceed on his cognizable claims or to be given leave to file an amended complaint.

////
////
////
////
////

1

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 7.) Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations

////

concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

## III. Allegations in the Complaint

The complaint states that, at all relevant times, plaintiff was an inmate at Mule Creek State Prison ("MCSP"). (ECF No. 1 at 1.) Plaintiff identifies correctional officers J. Brown and D. Tsui as well as correctional sergeant J. Link as defendants. (Id. at 2.)

In the complaint, plaintiff alleges the following: plaintiff asked defendant Brown to sign a request for a new "State Identification card" but defendant Brown threw away the request. (Id. at 3.) Plaintiff then asked for a grievance form to file a complaint against defendant Brown for throwing away his request. (Id.) Defendant Brown told plaintiff that "when you file a Snitch O Two (derogatory term form [sic] grievance) against an officer in this building you get your cell trashed so ponder on it before you do something stupid." (Id.) Defendant Tsui then handed plaintiff the form and stated, "make sure to spell our names right because you look stupid and I know you were EOP." (Id.)

When plaintiff later entered the shower, defendants Brown and Tsui searched plaintiff's cell. (Id. at 4.) While the search was occurring, defendant Link arrived. (Id.) Defendant Brown told defendant Link what had occurred and defendant Link told defendant Brown to "show [plaintiff] what we do to inmates who like to complain." (Id.) Plaintiff's television and shoes were taken from his cell during the search. (Id.)

Plaintiff later attempted to retrieve his shoes and asked defendant Brown to speak with his supervisor. (Id.) Defendant Tsui placed plaintiff in handcuffs and plaintiff was transported to the program office. (Id.) At the program office, plaintiff told defendant Link what had occurred. (Id.) Defendant Link released the plaintiff and stated, "if you were careful of what you said to officers we wouldn't be having this issue." (Id.) Defendant Tsui subsequently filed a disciplinary report against the plaintiff for "being stupid." (Id.)

Plaintiff requests "compensatory, nominal, and punitive damages" as well as the "dismissal of the disciplinary report." (Id. at 7.)

### IV.    Does Plaintiff State a § 1983 Claim?

Plaintiff claim is against defendants Tsui, Brown, and Link for retaliation in violation of plaintiff's First Amendment rights. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

#### A. Defendants Brown and Tsui

Plaintiff has alleged sufficient facts to state a First Amendment retaliation claim against defendants Brown and Tsui. Plaintiff claims that defendants Brown and Tsui threatened to "trash" plaintiff cell in response to plaintiff filing a grievance against him. (ECF No. 1 at 3.) Plaintiff also claims that when he took a form to file the grievance, defendant's retaliated by searching plaintiff's cell and removing items from it. (Id. at 3-4.) Defendant Tsui also allegedly

////

filed a disciplinary report against plaintiff for planning to file a grievance against defendant Brown. (Id. at 4.)

It is well-established that inmates have a right to file grievances against correctional officers. See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Plaintiff's allegations establish that defendants Brown and Tsui took an adverse action against him in response to the protected conduct of attempting to file a grievance. This came in the form of cell searches, removed property, and disciplinary reports filed against the plaintiff. (ECF No. 1 at 3-4.) These actions are potentially sufficient to "chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568-69. Additionally, based on the allegations in the complaint, the actions of defendants Brown and Tsui were not intended to advance "a legitimate correctional goal" and only in response to plaintiff's attempt to file a grievance. Id.

Given the above, plaintiff has alleged sufficient facts in the complaint to state a claim against defendants Brown and Tsui for retaliation in violation of plaintiff's First Amendment rights.

### B. Defendant Link

Plaintiff also includes defendant Link in his retaliation claim. However, plaintiff has failed to allege sufficient facts to state a claim against defendant Link. Significantly, plaintiff has not alleged that defendant Link took any action in retaliation against the plaintiff. (See id. at 3-4.) Additionally, defendant Link is not liable for the actions of her subordinates under a theory of respondeat superior. Plaintiff does include an allegation indicating that defendant Link may have been aware of and supported the actions of defendants Brown and Tsui. However, this alone is not sufficient to state a First Amendment retaliation against defendant Link.

As it is possible that a claim exists, plaintiff will be given the option to proceed on his cognizable claims or be given leave to file an amended complaint stating additional claims or defendants.

////

////

## AMENDING THE COMPLAINT

This court finds above that plaintiff alleged sufficient facts to state a cognizable claim against defendants Brown and Tsui for retaliation in violation of the First Amendment. However, plaintiff has not alleged sufficient facts to state any other claim. Plaintiff will be given the option to proceed on his cognizable claims or to file an amended complaint.

If plaintiff chooses to do so, he must address the problems with his complaint that are explained above. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed.

////

7

R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 7) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff states a cognizable First Amendment retaliation claim against defendants Brown and Tsui.
4. Plaintiff fails to state any other cognizable claims in the complaint.
5. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.

////

6. Within thirty (30) days of the date of this order plaintiff shall notify the court of how he wishes to proceed. Plaintiff may use the form included with this order for this purpose.

7. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: December 14, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/turn0737.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY P. TURNER,<br><br>          Plaintiff,<br><br>     v.<br><br>J. BROWN, et al.,<br><br>          Defendants. | No.  2:21-cv-00737 JAM DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_    Plaintiff wants to proceed immediately on his First Amendment Retaliation claim against CDCR Correctional Officers J. Brown and D. Tsui.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_    Plaintiff wants to amend the complaint.

DATED:_____                         _____

                                                                                         Gregory P. Turner
                                                                                         Plaintiff pro se

10