UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY P. TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>J. BROWN, et al.,<br><br>    Defendants. | No.  2:21-cv-00737 JAM DB P<br><br><br>ORDER |

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights complaint under 42 U.S.C. § 1983.  Plaintiff claims defendants retaliated against the plaintiff in violation of his rights under the First Amendment.  On May 17, 2022, the court denied defendants' motion to opt out of early settlement conference without prejudice.  (ECF No. 24.)  Defendants have now filed a renewed motion to opt out of early settlement conference.  (ECF No. 25.)

    Defendants motion states that defense counsel investigated plaintiff's claims, spoke with plaintiff, and conferred with their supervisor.  (ECF No. 25 at 2.)  Based on the information gathered, counsel believes that plaintiff's claims are false and lack any evidentiary support.  (Id.) Included with the motion is a declaration from defense counsel in which counsel claims that the confiscation of plaintiff's shoes and television was not retaliatory in violation of plaintiff's rights. (ECF No. 25-1 at 2.)  Counsel asserts that defendants have documentary evidence showing "that there were legitimate reasons for Defendants to confiscate plaintiff television and shoes."  (Id.) These reasons include that plaintiff had altered the television and had an excess number of shoes,

both in violation of California Department of Correction and Rehabilitation ("CDCR") Policy. (Id.) In support of this motion and declaration, defense counsel attaches a grievance response in which CDCR found defendants' actions were consistent with CDCR policy. (Id. at 7.)

Defendants state that they believe a settlement conference would be a waste of resources as they do not wish to settle at this time. (ECF No. 25 at 2.) Specifically, defendants do not wish to enter a settlement "when there is no evidence that Defendants did anything wrong" as they believe doing so would incentivize plaintiff and others to file baseless lawsuits with "the hope of extracting settlement monies from CDCR." (Id.) In light of this, defendants do not believe an early settlement conference would be productive. (Id. at 1.)

Given the above, the court finds good cause to grant defendants' motion as defense counsel has found in good faith that a settlement conference would be a waste of resources.

Defendants also request that a discovery and scheduling order be issued in this case. (Id. at 2.) However, defendants have not yet filed an answer or other responsive pleading as the court stayed this case following defendants' waiver of service. (See ECF Nos. 18-20.) As such, the court will set a deadline for defendants to file answer or other responsive pleading instead.

In accordance with the above and good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants' motion to opt out (ECF No. 25) is granted and the stay of this action is lifted;

2. Within twenty-one days from the date of this order, defendants shall file an answer or other responsive pleading;

3. The settlement conference set for June 2, 2022 is vacated; and

4. The writ of habeas corpus ad testificandum (ECF No. 22) is vacated.

Dated: May 23, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/turn0737.optout.post.waiver

2